1

2                          UNITED STATES DISTRICT COURT

3                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                                 OAKLAND DIVISION

5

| | |
|---|---|
| 6  ELGIN COX, | Case No:  C 12-5880 SBA |
| 7            Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| 8       vs. | |
| 9  ALLIN CORPORATION PLAN and UNUM LIFE INSURANCE COMPANY OF | Dkt. 15, 33, 46 |
| 10  AMERICA; DELL, INC. COMPREHENSIVE WELFARE BENEFITS | |
| 11  PLAN; DELL, INC., ADMINISTRATION AND INVESTMENT COMMITTEE; | |
| 12  AETNA LIFE INSURANCE COMPANY, | |
| 13           Defendants. | |
| 14 | |

15          Plaintiff Elgin Cox ("Plaintiff"), an employee of Allin Consulting of California

16  ("Allin Consulting"), brings the instant action under the Employee Retirement Income

17  Security Act ("ERISA") to challenge the termination of his disability benefits under the

18  Allin Corporation Plan ("Allin Plan").  The Defendants are:  the Allin Plan; UNUM Life

19  Insurance Company of America ("UNUM"); the Dell, Inc. Comprehensive Welfare

20  Benefits Plan and the Dell, Inc. Administration and Investment Committee (collectively

21  "Dell Defendants"); and Aetna Life Insurance Company ("Aetna").

22          The parties are presently before the Court on:  (1) Aetna's motion to dismiss and to

23  strike, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), respectively, Dkt.

24  15; and (2) the Dell Defendants' motion to dismiss, pursuant to Rule 12(b)(6), Dkt. 33.

25  Having read and considered the papers filed in connection with this matter and being fully

26  informed, the Court hereby GRANTS both motions to dismiss, and DENIES Aetna's

27  alternative motion to strike as MOOT.  The Court, in its discretion, finds this matter

28

1   suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ.

2   L.R. 7-1(b).

3   **I.      BACKGROUND**

4         **A.     SUMMARY OF THE COMPLAINT**

5        The following is a summary of the allegations set forth in the Complaint, which are

6   taken as true for purposes of the instant motions.

7        Plaintiff was employed by Allin Consulting, a wholly-owned subsidiary of Allin

8   Corporation (collectively "Allin").  Compl. ¶ 3, Dkt. 1.  As part of his employment,

9   Plaintiff was covered by the Allin Plan, which provides for both basic benefits and

10  supplemental "Disability Plus" benefits in the event of disability.  Id.  UNUM is the plan

11  administrator for the Allin Plan.  Id.

12       On January 8, 2009, Dell Corporation ("Dell") acquired Allin.  Id. ¶ 5.  Under the

13  terms of the Stock Purchase Agreement, all Allin employees, including Plaintiff, are

14  entitled to employee benefits comparable to those provided to Dell employees.  Id.  At that

15  time, Dell employees were covered by the Dell, Inc. Comprehensive Welfare Benefits Plan

16  ("Dell Plan"), which is funded through a group insurance policy issued by Aetna.  Id.

17       In the meantime, on November 6, 2008, Plaintiff became disabled during the course

18  of his employment.  Id. ¶ 4.  He subsequently applied for disability benefits under the Allin

19  Plan.  UNUM approved his claim on February 23, 2011, and paid benefits retroactive to

20  February 4, 2009.  Id.[1]

21       On April 13, 2011, UNUM terminated Plaintiff's basic disability benefits on the

22  ground that its insurance policy limited payment for a disability based on "self-reported"

23  symptoms.  Id.  At the same time, UNUM denied Plaintiff's claim for supplemental

24  Disaibilty Plus benefits.  Id.

25       On October 4, 2011, Plaintiff appealed UNUM's termination decisions.  Id. ¶ 6.

26  UNUM denied the appeals on March 23, 2012.  Id.  Plaintiff then submitted his long term

27  _____

28     [1] The Complaint does not allege when Plaintiff first applied for disability benefits under the Allin Plan.

1  disability claim to Aetna under the terms of the Dell Plan.  Id.  Aetna denied the claim.  Id.

2  Plaintiff's appeal was later denied by Aetna on July 28, 2011.  Id.

3      **B.**    **PROCEDURAL HISTORY**

4        On November 16, 2012, Plaintiff filed the instant action in this Court.  The

5  Complaint alleges four claims for:  (1) ERISA Benefits (against all Defendants);

6  (2) California Insurance Code § 10111.2 (against UNUM and Aetna); (3) Discrimination

7  (against the Dell Defendants and Aetna); and (4) Clarification of Rights (against all

8  Defendants).

9        In response to the Complaint, Aetna now moves to dismiss Plaintiff's second claim

10  for prejudgment interest under § 10111.2 and third claim for discrimination, and to strike

11  the request in the Complaint for prejudgment interest in the amount of 10% per annum.

12  Dkt. 15.  Separately, the Dell Defendants seek the dismissal of all claims alleged against

13  them principally on the ground that they are not proper parties to the action.  Dkt. 33.

14  **II.**    **LEGAL STANDARD**

15        Pleadings in federal court actions are governed by Federal Rule of Civil Procedure

16  8(a)(2), which requires only "a short and plain statement of the claim showing that the

17  pleader is entitled to relief[.]"  Rule 12(b)(6) "tests the legal sufficiency of a claim."

18  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed under

19  Rule 12(b)(6) for failure to state a cognizable legal theory or insufficient facts to support a

20  cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

21  1990).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts

22  ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular,

23  documents incorporated into the complaint by reference, and matters of which a court may

24  take judicial notice."  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322

25  (2007).  The court is to "accept all factual allegations in the complaint as true and construe

26  the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group,

27  Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

28

1    To survive a motion to dismiss, "a complaint must contain sufficient factual matter,
2    accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
3    556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
4    The complaint must afford the defendants with "fair notice" of the claims against them, and
5    the grounds upon which the claims are based.  Swierkiewicz v. Sorema N.A., 534 U.S. 506,
6    512 (2002).  "Threadbare recitals of the elements of a cause of action, supported by mere
7    conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Where a complaint or claim
8    is dismissed, "[l]eave to amend should be granted unless the district court determines that
9    the pleading could not possibly be cured by the allegation of other facts."  Knappenberger
10   v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

11   **III.    DISCUSSION**

12       **A.    AETNA'S MOTION TO DISMISS**

13           **1.    Prejudgment Interest Claim**

14   In his second claim for relief, Plaintiff alleges that under California Insurance Code
15   § 10111.2, he is owed 10% interest on his past due disability payments.  Compl. ¶¶ 10-12.
16   Section 10111.2 provides, in pertinent part, that:  "When the insurer has received all
17   information needed to determine liability for a claim, and the insurer determines that
18   liability exists and fails to make payment of benefits to the insured within 30 calendar days
19   after the insurer has received that information, any delayed payment shall bear interest,
20   beginning the 31st calendar day, *at the rate of 10 percent per year*."  Cal. Ins. Code
21   § 10111.2(c) (emphasis added).

22   This Court previously ruled in another action that an ERISA plaintiff cannot recover
23   prejudgment interest in the amount specified by California Insurance Code § 10111.2.  In
24   Behjou v. Bank of Am. Group Benefits Program, No. C 10-3982 SBA, 2011 WL 4388320
25   (N.D. Cal. Sept. 20, 2011), this Court dismissed a claim under § 10111.2 on the grounds
26   that "allowing a plaintiff to proceed with a state law claim under [§] 10111.2 would
27   effectively impose a mandatory prejudgment interest rate of ten percent on successful
28   ERISA claims, improperly expanding the scope of ERISA damages and supplementing the

1  ERISA enforcement remedy."  Id. at *2 (internal quotations and citations omitted).

2  Plaintiff does not address Behjou and otherwise fails to present any compelling argument

3  for the Court to reconsider its prior ruling.  Accordingly, Plaintiff's second claim under

4  § 10111.2 is dismissed.

5           **2.**    **Discrimination Claim**

6        Plaintiff's third claim alleges a violation of § 510 of ERISA, which makes it

7  "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate

8  against a participant or beneficiary for exercising any right to which he is entitled under the

9  provisions of an employee benefit plan . . . ."  29 U.S.C. § 1140. "This statute is clearly

10  meant to protect whistle blowers."  Hashimoto v. Bank of Hawaii, 999 F.2d 408, 411 (9th

11  Cir. 1993).  Thus, to recover under this provision, a plaintiff must show that defendant

12  caused him to suffer an *adverse employment action*, and that the defendant acted "with the

13  specific intent to interfere with his rights under defendant's benefits plans."  Kimbro v.

14  Atlantic Richfield Co., 889 F.2d 869, 880-81 (9th Cir. 1989).

15        In the instant case, Plaintiff does not allege that he was subjected to an adverse

16  employment action by his employer.  Rather, Plaintiff asserts that he was denied disability

17  benefits in retaliation for seeking such benefits in the first instance.  Compl. ¶ 13.  The flaw

18  in this theory of liability is that it ignores that § 510 only regulates conduct that affects the

19  employer-employee relationship, not the terms of a plan or its administration.  See Teumer

20  v. General Motors Corp., 34 F.3d 542, 544-45 (7th Cir. 1994) ("Section 510 . . . does not

21  protect employees against all employer actions undertaken with an eye toward thwarting

22  the attainment of benefits . . . ."); Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 422 (4th

23  Cir. 1993) (noting that "[a] plaintiff must . . . show more than the mere denial of a claim" to

24  state a claim under § 510).  Since Plaintiff's § 510 claim is predicated solely on the denial

25  of benefits, such claim must be dismissed.

26       **B.**    **THE DELL DEFNDANTS' MOTION TO DISMISS**

27        The Dell Defendants contend that they are not proper parties in this action on the

28  grounds that the responsibility for resolving and paying a benefit claim rests solely with

Aetna. Dell Defs.' Mot. at 4. The Court agrees. ERISA allows a participant in an employee benefit plan to bring a civil action to recover benefits due under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). A proper defendant in a § 1132(a)(1)(B) claim is one who has authority to resolve benefit claims or who has responsibility to pay them. <u>Cyr v. Reliance Standard Life Ins. Co.</u>, 642 F.3d 1202, 1206-207 (9th Cir. 2011) (holding that the defendant insurance company was a proper defendant in a § 1132(a)(1)(B) claim based on its denial of plaintiff's request for increased benefits) (en banc).

In the instant case, the Complaint fails to allege any facts establishing that the Dell Defendants had any authority or obligation to resolve or pay Plaintiff's benefit claims. To the contrary, Plaintiff specifically alleges that it was *Aetna* that denied Plaintiff's disability claim after UNUM terminated his benefits. Compl. ¶ 6 ("[Plaintiff] further submitted his long term disability claim *to Aetna* . . . which denied the claim originally . . . and on appeal . . . .") (emphasis added). Moreover, the Dell Defendants point out that the Dell Plan documents establish that "[t]he Claims Administrator has the sole and complete discretionary authority to grant or deny benefits under the Plan," and that its "decisions shall be final, conclusive, and binding." Huschka Decl. Ex. 2 at 3, Dkt. 34-2.[2] The Claims Administrator is defined as "the entity (i.e., Aetna . . .) which has been engaged by the Benefits Administration Committee to process claims and claims appeals under the Plan." <u>Id.</u>; <u>see also</u> <u>id.</u> Ex. 1 at 11, Dkt. 34-1. Tellingly, Plaintiff makes no attempt to controvert the foregoing.

In sum, since neither of the Dell Defendants was the party responsible for resolving and paying Plaintiff's benefit claims, the Dell Defendants are not proper defendants to a claim for long term disability benefits under the Aetna policy. <u>See</u> <u>Cyr</u>, 642 F.3d at 1207. Accordingly, all claims alleged against the Dell Defendants are dismissed.

_____

[2] Although the Dell Plan is attached to the declaration of defense counsel, the Court may properly take judicial notice of such document, as it has been referenced in the Complaint and Plaintiff has not challenged its authenticity. <u>See</u> <u>Dunn v. Castro</u>, 621 F.3d 1196, 1204 n.6 (9th Cir. 2010) (taking judicial notice of documents attached as exhibits to defendant's motion to dismiss where such document was referenced in the complaint and whose authenticity was unchallenged).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED THAT:

1.      Aetna's Motion to Dismiss is GRANTED.  Plaintiff's second claim for prejudgment interest under California Insurance Code § 10111.2 and third claim for discrimination under § 510 of ERISA are DISMISSED without leave to amend.

2.      The Dell Defendants' motion to dismiss is GRANTED.  All claims alleged in the Complaint as to the Dell Defendants are DISMISSED without leave to amend.

3.      This Order terminates Docket 15, 33 and 46.

IT IS SO ORDERED.

Dated: May 1, 2013

SAUNDRA BROWN ARMSTRONG
United States District Judge