UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELGIN COX,<br><br>       Plaintiff,<br><br>  vs.<br><br>ALLIN CORPORATION PLAN and UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.,<br><br>       Defendants. | Case No: C 12-5880 SBA<br><br>**AMENDED ORDER DENYING PLAINTIFF AND DEFENDANTS' RESPECTIVE MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION**<br><br>Dkt. 101, 109 |

      Plaintiff Elgin Cox ("Plaintiff") alleges, inter alia, that his long-term disability benefits were improperly terminated by Unum Life Insurance Company of America ("Unum"), in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. On September 30, 2014, the Court partially granted Plaintiff's motion for judgment and denied Unum's cross-motion for judgment, finding that Unum had abused its discretion in terminating Plaintiff's benefits. The Court declined to order the immediate reinstatement of benefits, and instead remanded the matter to Unum for further consideration of Plaintiff's claim.[1] Dkt. 97.

      The parties are presently before the Court on Plaintiff and Unum's respective motions for leave to file motions for reconsideration. Dkt. 101, 109. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES both motions for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Unum is the plan administrator for the Allin Corporation Plan, with which it jointly filed its motion for judgment. For simplicity, the Court refers to the both of these defendants as "Unum."

## I. BACKGROUND

The parties are familiar with the facts of this contentious case, which are summarized herein only to the extent they are pertinent to the instant motions.[2]

During the relevant time period, Plaintiff was employed by Allin Consulting, a wholly-owned subsidiary of Allin Corporation. As part of his employment, Plaintiff was covered by the Allin Corporation Plan, which provides basic and supplemental "Disability Plus"[3] benefits in the event of an employee's disability. The Plan includes a limitation on benefits, which states as follows: "Disabilities, due to sickness or injury, which are primarily based on self-reported symptoms, and disabilities due to mental illness have a limited pay period up to 24 months." AR 00145. The definition of "self-reported symptoms" is set forth in the Glossary section of the Plan and states as follows:

> **SELF-REPORTED SYMPTOMS** means <u>the manifestation of your condition which you tell your physician, that are not verifiable</u> using tests, procedures or clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headaches, pain, fatigue, stiffness, soreness, ringing in the ears, dizziness, numbness and loss of energy.

AR 000157 (emphasis added).

On September 7, 2010, Plaintiff submitted a long term disability claim to Unum, claiming he has been disabled due to vertigo and dizziness since November 6, 2008. AR 00067, 00111. Unum initially approved Plaintiff's claim for disability benefits for a period of twenty-four months under the aforementioned limitation ("Self-Reported Limitation"). More specifically, the approval notification stated that benefits would likely be limited to that time-period under the Self-Reported Limitation "[because] there does not

---

[2] A more detailed discussion of the factual and procedural history of this case is set forth in the Court's order on the parties' cross-motions for judgment. Cox v. Allin Corporation Plan, --- F. Supp. 3d ---, 2014 WL 4966318 (N.D. Cal. Sept. 30, 2014).

[3] Disability Plus benefits are provided under Unum's policy and add an additional 20% of pre-disability income in benefits when a disabled insured loses "the ability to safely and completely perform 2 activities of daily living without another person's assistance or verbal cueing" suffers from "a deterioration or loss in intellectual capacity and need[s] another person's assistance or verbal cueing for [his or her] protection or the protection of others." UA 1789.

appear to be any definitive etiology for [Plaintiff's] symptoms." AR 1448.  On April 13, 2011, Unum notified Plaintiff that it had determined that his benefits would not be continued.  UNUM's termination letter to Plaintiff's counsel explained as follows:

> While our medical reviews question the etiology of Mr. Cox's reported symptoms and document that he does not have any cognitive deficits per the neuropsychological testing, review of the medical information does suggest that your client has been consistent in his presentation and reports of symptoms over time to multiple providers.  We do not have any evidence to support that he has not experienced symptoms of vertigo at a frequency and severity to preclude sustained functional capacity.  <u>However, given the lack of any definitive diagnosis and the self-reported nature of his symptoms, the self-report [sic] limitation in the policy is applicable to the claim, retroactive to the benefit begin date of February 24, 2009.  The policy limits benefits to 24 months for self-reported conditions</u>.

AR 001534 (emphasis added).

On November 16, 2012, Plaintiff commenced the instant action in this Court, seeking judicial review of Unum and other Defendants' refusal to pay long-term disability and Disability Plus benefits under the Plan.  On September 30, 2014, the Court issued its Order adjudicating the parties' cross-motions for judgment.  Dkt. 120.  Specifically, the Court found that Unum had abused its discretion by relying upon Self-Reported Limitation as a basis to terminate his benefits after twenty-four months and in refusing to pay Disability Plus benefits.  With regard to the Disability Plus claim, the Court noted that although Plaintiff had submitted evidence to support his eligibility for such benefits, Unum failed to address it in its motion or opposition to Plaintiff's motion.

As relief, the Court remanded the matter to the plan administrator to reevaluate Plaintiff's claim, consistent with the Court's ruling.  Before entering judgment, however, the Court re-referred the matter to Magistrate Judge Donna Ryu ("Magistrate") for a further settlement conference.  The Court stated:

> Although the core issues in the case have now been resolved, the Court nonetheless finds <u>it in the parties' interests to attempt to resolve their dispute on mutually acceptable terms, before they invest further time and resources on remand and/or further litigation</u>.  The Court will therefore stay the remand order pending the parties' participation in a further mandatory settlement conference with Magistrate Judge Ryu.

Dkt. 97 at 23 (emphasis added).

The Court's admonition apparently did not resonate with the parties. On October 20, 2014—before the settlement conference was scheduled to take place—Defendants filed the instant motion for leave to file a motion for reconsideration. Dkt. 101. On October 30, 2014, Plaintiff also filed a motion for leave to file a motion for reconsideration. Dkt. 109. The parties then informed the Court that, from their respective perspectives, it would be pointless to proceed with the settlement conference. As a result, the Magistrate cancelled the settlement conference. Dkt. 110, 111. In view of that development, the Court issued a briefing schedule directing the parties to file their respective responses to the other's motion for leave to file a motion for reconsideration by December 1, 2014. Dkt. 112. That deadline was twice extended based on the parties' stipulated requests. Dkt. 114, 116. The parties filed their respective responses on December 11, 2014. Dkt. 117, 118.

## II. LEGAL STANDARD

Before a party may file a motion for reconsideration, he or she must first seek leave to do so pursuant to Civil Local Rules. See Civ. L.R. 7-9(a). Local Rule 7-9 provides, in relevant part, as follows:

> **(b) Form and Content of Motion for Leave**. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> **(c) Prohibition Against Repetition of Argument**. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party

- 4 -

    now seeks to have reconsidered.  Any party who violates this restriction shall be subject to appropriate sanctions.

Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).

## III. DISCUSSION

###  A. U<small>NUM</small>'<small>S</small> M<small>OTION</small>

####   1. Disability Plus Claim

Unum seeks reconsideration of the Court's determination that it (Unum) abused its discretion in denying Plaintiff's claim for Disability Plus benefits.  In its ruling, the Court explained as follows:

> In his motion, Plaintiff contends that despite submitting evidence to Unum regarding his inability to perform at least two activities of daily living without assistance, Unum improperly denied his request for Disability benefits.  Pl.'s Mot. at 2-4, 11-12; AR 969, 1605-607, 3382.  Notably, Unum's opposition does not respond to Plaintiff's arguments regarding his claim for Disability Plus benefits.  [n. 13.]  Thus, based on the record presented, <u>and</u> Unum's failure to respond, the Court finds that Unum abused its discretion in denying Plaintiff's claim for Disability Plus benefits.
>
> [n.13]  Unum's motion does not mention Plaintiff's Disability Plus, but does briefly dispute the severity of his symptoms, claiming that they "make no sense at all" in light of the "absence of physical findings." Unum Mot. at 25.  However, Unum provides no support for these conclusory assertions.

Dkt. 97 at 22-23 (emphasis added).

  Unum now argues that it, in fact, "addressed the Disability Plus claim in its Motion for Judgment," and claims that the Court "did not make a ruling on the merits, which is disfavored." Dkt. 101 at 4.  This contention is meritless.  Unum does not dispute that it failed to respond to or address Plaintiff's Disability Plus claim in its opposition to

Plaintiff's motion for judgment—which clearly raised the issue.[4] Dkt. 77 at 16:15-17:3. As for its motion for judgment, Unum tellingly fails to provide any pinpoint citation identifying where in its twenty-five page motion it purportedly "addressed the Disability Plus claim." Indeed, the Court, upon again reviewing said motion, finds that it contains no argument regarding the Plaintiff's claim for Disability Plus benefits. The only mention of this benefit appears in the Background section of the brief: one reference consists of a sentence-long description of the Disability Plus Rider, see Dkt. 71 at 8:3-4, and the other two are short statements reciting Unum's decision regarding his ineligibility for Disability Plus benefits, see id. at 2:5-9, 18:20-21.

In sum, Unum's assertion that it addressed Plaintiff's claim for Disability Plus benefits misstates the record, which confirms that Unum did not respond to Plaintiff's argument regarding his right to Disability Plus benefits. Having failed to address this issue in either its motion for judgment or opposition to Plaintiff's motion for judgment, Unum has effectively waived its ability to raise additional arguments at this juncture. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (noting that a motion for reconsideration "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal citation and quotation omitted); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir.2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

---

[4] Indeed, according to Unum, "[t]he only issue is whether Unum reasonably concluded that the self-reported symptoms limitation applied to Plaintiff's claimed disability." Dkt. 89 at 1:22-23; see also id. at 6:2-4 ("The only issues [sic] for this Court to decide is whether Unum reasonably applied the self-reported limitation to Plaintiff's disability based on vertigo, dizziness, tinnitus and cognitive dysfunction.") (emphasis added).

### 2. Self-Reported Limitation

Next, Unum challenges the Court's determination that Unum abused its discretion by relying on the Self-Reported Limitation to justify its cessation of Plaintiff's disability benefits. In its termination letter to Plaintiff, Unum conceded that it lacked "any evidence to support that he has not experienced symptoms of vertigo at a frequency and severity to preclude sustained functional capacity." AR 1534. Nonetheless, Unum concluded that the Self-Reported Limitation justified its decision due to (1) "the self-reported nature of his symptoms" and (2) "the lack of any definitive diagnosis" for Plaintiff's condition. Id. The Court's Order on the parties' cross-motions for judgment concluded that Unum abused its discretion in applying the Self-Reported Limitation in light of the objective medical evidence that he was suffering from disabling vertigo. Dkt. 97 at 20. In addition, the Court found that the Self-Reported Limitation does not apply simply because there is no definitive diagnosis or understanding of the etiology of the claimant's condition. Id. at 22.

Unum argues that the Court erroneously focused on whether Plaintiff's condition— as opposed to any of his symptoms—was medically verifiable. As an initial matter, Unum's contention is somewhat curious given that, in its motion papers, Unum readily utilized the terms "symptoms" and "conditions" interchangeably. E.g., Dkt. 71 at 22:20-23 (arguing that "the conditions that purportedly give rise to plaintiff's disability are not verifiable using tests, procedures or clinical examinations") (emphasis added). That aside, Unum's argument is uncompelling. As explained in the Court's ruling, the Self-Reported Limitation depends on the method of diagnosing the sickness or injury that led to disability, and not whether the symptoms of the claimed disability itself are self-reported and not medically-verifiable. Dkt. 97 at 20 (citing Weitzenkamp v. Unum Life Ins. Co. of Am., 661 F.3d 323, 330 (7th Cir. 2011)).

In Weitzenkamp, the Seventh Circuit considered the same Self-Reported Limitation at issue here, and rejected Unum's contention that the limitation applied to all illnesses or injuries for which the disabling symptoms are self-reported. Id. The court explained that "[f]or most illnesses or injuries, the disabling aspect is not the disease itself, but the pain,

- 7 -

weakness, or fatigue caused by that illness or injury." Id. As such, to construe the limitation as applying where the symptom of the illness or injury is self-reported "would sweep within the limitation virtually all diseases, leaving only a small subset for coverage beyond that time period."[5] Id. The court concluded that "the only viable conclusion" given the context "is that the self-reported symptoms limitation applies to disabling illnesses or injuries that are diagnosed primarily based on self-reported symptoms." Id. Because the plaintiff had undergone a "trigger test" to determine whether she had fibromyalgia, the court concluded that her diagnosis was supported by objective medical evidence and the Self-Reported Limitation therefore did not apply. Id. at 331; see also Chronister v. Baptist Health, 442 F.3d at 648, 656 (8th Cir. 2006) (affirming remand to the plan administrator for further findings after finding denial of benefits of fibromyalgia claim based solely on self-reported symptoms limitation was unreasonable).[6]

In the instant motion, Unum argues that Weitzenkamp and Chronister wrongly concluded that the Self-Reported Limitation is dependent on whether the condition, as opposed to symptoms of the condition, is self-reported. Dkt. 101 at 8. Unum instead urges the Court to follow out-of-circuit district court decisions that have interpreted the Self-Reported Limitation in the manner advocated by Unum, i.e., that the limitation applies depending on the manner in which a claimant's symptoms are diagnosed. Id. at 9. This is essentially the same argument that Unum made in its opposition to Plaintiff's motion for judgment, see Dkt. 89 at 17-18, and was rejected by the Court. As such, reconsideration is

---

[5] By way of example, the Seventh Circuit noted that "diseases that are extremely likely to cause an inability to work, such as stage IV cancer or advanced heart disease, are disabling because of the pain, weakness or fatigue," but that "[u]nder Unum's interpretation, . . . those diseases would fall within the twenty-four-month limitation because pain, weakness and fatigue are self-reported symptoms that are difficult if not impossible to verify using objective medical evidence." Weitzenkamp, 661 F.3d at 330. The court concluded that the narrow construction employed by Unum was unreasonable. Id.

[6] Other decisions from this District are in accord. Eisner v. Prudential Ins. Co. of Am., No. C12-1238 JST, 2013 WL 3946003, *5 (N.D. Cal. July 29, 2013); Rutherford v. Scene 7 Inc. Long Term Disability Plan, No. C 07-06426 WHA, 2008 WL 2788191, *6 (N.D. Cal. July 18, 2008).

not warranted.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("[T]he trial court did not abuse its discretion in denying the motion [for reconsideration], because the Fullers presented no arguments which the court had not already considered and rejected.").  Unum's repetition of this argument constitutes a direct violation of the Local Rules governing motions for reconsideration.  See Civ. L.R. 7-9.

### 3. The SSA's Decision

Finally, Unum seeks reconsideration of the Court's finding that Unum's failure to adequately address the SSA's decision to award disability benefits weighs in favor of finding an abuse of discretion.  In particular, the Ninth Circuit has held that "a proper acknowledgment of a contrary SSA disability determination would entail <u>comparing and contrasting</u> not just the definitions employed but also the medical evidence upon which the decisionmakers relied."  Montour v. Hartford Life & Acc. Ins. Co., 588 F.3d 623, 636 (9th Cir. 2009) (emphasis added); accord Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 679 (9th Cir. 2011).  In this case, the Court found that "[i]n its decision terminating Plaintiff's LTD benefits, Unum made no effort to address the ALJ's findings, let alone compare and contrast the applicable definitions or the medical evidence presented."  Dkt. 97 at 18.

Unum now argues that its consideration of the SSA's decision—or lack thereof—was justified because "the [SSA] does not have a limitation on disability benefits for self-reported symptoms."  Dkt. 101 at 11:13-15.  This is precisely the same argument that Unum raised and the Court rejected in connection with the parties' cross-motions for judgment.  Dkt. 97 at 18-19; see also Dkt. 89 at 3 (arguing that, "The SSA did not perform the same analysis or apply the same standard and thus, its decision is not relevant to Unum's determination").  Again, Unum's repetition of this argument transgresses Local Rule 7-9's prohibition against repeating previously-made arguments.

//

//

### B. PLAINTIFF'S MOTION

Plaintiff seeks reconsideration of the Court's decision to remand the case to the plan administrator, as opposed to ordering the immediate payment of benefits, as he had requested in his motion for judgment. In particular, Plaintiff contends that a remand is inappropriate "because the Court did not fault the Plan's construction or interpretation of the Plan, but instead found that the Plan ignored the evidence." Dkt. 109 at 2. This contention lacks merit. The Court specifically found that Unum abused its discretion "by failing to properly address the SSA's decision and applying the incorrect standard to assess the applicability of the self-reported limitation." Dkt. 97 at 23 (emphasis added). In view of those conclusions, remand is the proper remedy. See Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455, 461 (9th Cir. 1996) ("A remand for reevaluation of the merits of a claim is the correct course to follow when an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination.") (emphasis added).

Plaintiff also seeks an order compelling Unum to retroactively pay benefits "from the date Unum wrongfully terminated them until it properly terminates them." Dkt. 109 at 2. As support, Plaintiff relies on Pannebecker v. Liberty Life Assur. Co. of Boston, 542 F.3d 1213 (9th Cir. 2008), which held that "if an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan's provisions." Id. at 1221 (emphasis added); see Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001) (finding that an order compelling the payment of retroactive benefits is appropriate where the plan administrator "applied the right standard, but came to the wrong conclusion.").

Plaintiff's reliance on Pennebecker is misplaced. The payment of retroactive benefits is required only where the claimant would have continued to receive benefits but for the claims administrator's arbitrary and capricious conduct. Pannebecker, 542 F.3d at 1221. Where, as here, the benefits are limited in duration, retroactive benefits are not

mandated.  The Pennebecker court was careful to make this distinction in order to avoid the possibility of conferring a windfall on a claimant by awarding benefits to which he made not be entitled.  The court explained:

> Our decision in Patterson v. Hughes Aircraft Co., 11 F.3d 948 (9th Cir. 1993), is not to the contrary.  Patterson was deemed disabled by his plan's administrator and received benefits for two years, until they were abruptly terminated.  Id. at 949.  <u>His plan explicitly limited the payment of benefits to only two years if he suffered from a "mental, nervous, or emotional disorder[]." So, Patterson's benefits were scheduled to terminate unless it was established that he did not suffer from such a disorder.  Reinstating benefits while remanding for the administrator to determine the nature of his disability could have resulted in a windfall to Patterson if it were later determined that his disability was caused by a mental disorder</u>.

Pannebecker, 542 F.3d at 1221 n.6 (emphasis added).  As in Patterson, Plaintiff's benefits were scheduled to terminate in twenty-four months, absent a determination that his symptoms were not self-reported within the meaning of the Plan.  AR 1448.  As such, an order compelling Unum to retroactively pay benefits during the pendency of the remand could result in a windfall to Plaintiff in the event that it is ultimately determined that his benefits are, in fact, properly subject to the Self-Reported Limitation.

Plaintiff tacitly concedes that his benefits were approved by Unum for a limited, twenty-four month window, but attempts to make much of the fact that Unum continued to pay benefits for a few months thereafter as it continued to investigate his claim.  According to Plaintiff, "if Unum had determined that the self-reported limitation applied before the end of the two year period, and had scheduled his benefits to end, then Pannebecker might not apply." Dkt. 109-2 at 14.  But since Unum continued to pay benefits beyond twenty-four months, Plaintiff asserts that his benefits were not "scheduled" to end.  Id.  Plaintiff fails to cite any legal authority establishing that a plan administrator's decision to pay benefits beyond the time period specified in a Plan limitation, standing alone, triggers an obligation on the part of the Plan to continue paying such benefits indefinitely.  Nor has Plaintiff demonstrated that Unum's temporary payment of benefits beyond twenty-four months amounts to a waiver of its right to assert the Self-Reported Limitation.  See Francis

- 11 -

v. Henderson, 425 U.S. 536, 544-545 (1976) ("The Classic definition of waiver [is] . . . 'an intentional relinquishment or abandonment of a known right or privilege'") (citation omitted).  Accordingly, the Court concludes that retroactive benefits under Pennebacker pending remand are not warranted.

IV. **CONCLUSION**

For the reasons discussed above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Leave to File Motion for Reconsideration and Motion for Reconsideration is DENIED.

2. Plaintiff Elgin Cox's Motion for Leave to File Motion for Reconsideration is DENIED.

3. This Order terminates Docket Nos. 101 and 109.

IT IS SO ORDERED.

Dated: 4/13/15

SAUNDRA BROWN ARMSTRONG
United States District Judge