1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELGIN COX, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALLIN CORPORATION PLAN and UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.,<br><br>          Defendants. | Case No:  C 12-5880 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND JUDGMENT AND FOR ATTORNEYS' FEES**<br><br>Dkt. 157, 158 |

Plaintiff Elgin Cox ("Plaintiff") brings the action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, alleging, inter alia, that Defendant Unum Life Insurance Company of America ("Unum") improperly terminated his long-term disability ("LTD") benefits after twenty-months.  In a prior order, the Court found that Unum had abused its discretion in reviewing Plaintiff's benefits claims and remanded the matter to the Plan Administrator for further consideration.

The parties are presently before the Court on Plaintiff's Motion to Amend Judgment and Motion for Attorneys' Fees.  Having read and considered the parties' motion papers and reviewed the record in this action, the Court hereby DENIES both motions.  The Court finds this matter suitable for determination without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     **BACKGROUND**

Plaintiff is a former employee of Allin Consulting, a wholly-owned subsidiary of Allin Corporation.  As part of his employment, Plaintiff was covered by the Allin Corporation Plan ("the Plan"), which provides basic and supplemental "Disability Plus" benefits in the event of an employee's disability.[1]  On September 7, 2010, Plaintiff submitted a LTD benefits claim to Unum, claiming disability as of November 6, 2008, due to vertigo and dizziness.  Unum initially paid benefits to Plaintiff, but terminated them after twenty-four months, pursuant to the Policy's "Self-Reported Symptoms" limitation ("Self-Reported Limitation").  Unum also denied Plaintiff's claim for Disability Plus benefits.  After Dell Corporation ("Dell") acquired Allin, Plaintiff submitted an application for LTD benefits under the Dell, Inc. Comprehensive Welfare Benefits Plan ("Dell Plan"), which is insured and administered by Aetna Life Insurance Company ("Aetna").  That application was denied, as well.

On November 16, 2012, Plaintiff filed the instant action against the following Defendants:  the Plan; Unum; the Dell Plan and Dell (collectively "Dell Defendants"); and Aetna.  The Complaint alleged four claims for:  (1) ERISA Benefits (against all Defendants); (2) California Insurance Code § 10111.2 (against Unum and Aetna); (3) Discrimination (against the Dell Defendants and Aetna); and (4) Clarification of Rights (against all Defendants).  As relief, Plaintiff sought the immediate payment of benefits, an award of prejudgment interest under California Insurance Code § 10111.2, the recovery of his attorneys' fees, and a declaration that the Self-Reported Limitation is inapplicable to insureds in California.  Compl. at 6, Dkt. 1.  On May 1, 2013, the Court granted the Dell Defendants' motion to dismiss with prejudice.  Dkt. 48.  In addition, the Court, upon

---

[1] Unum's policy provides a Disability Plus benefit, which adds an additional 20% of pre-disability income in benefits when a disabled insured loses "the ability to safely and completely perform 2 activities of daily living without another person's assistance or verbal cueing" or suffers from "a deterioration or loss in intellectual capacity and need[s] another person's assistance or verbal cueing for [his or her] protection or the protection of others." UA 1789.

motion of Aetna, dismissed Plaintiff's second claim for prejudgment interest and third claim for discrimination under ERISA.  Id.

Plaintiff and Unum subsequently filed cross-motions for judgment under Federal Rule of Civil Procedure 52, which the Court construed as cross-motions for summary judgment under Rule 56.  Dkt. 71, 77, 89, 91.  Aetna separately filed a motion for summary judgment pursuant to Rule 56, or, in the alternative, for judgment pursuant to Rule 52.  Dkt. 72.  On September 30, 2014, the Court issued its ruling on these motions.  See Order on Cross-Mots. for Summ. J. ("Summ. J. Order"), Dkt. 97.  The Court granted Aetna's motion in its entirety, finding that Aetna did not act arbitrarily or capriciously in denying Plaintiff's claim for LTD benefits under the Dell Plan.  Id. at 24-25.  As between Plaintiff and Unum, the Court rejected Plaintiff's contentions that the Self-Reported Limitation was unenforceable.  Id. at 14-16.  However, the Court determined that Unum abused its discretion by: (1) failing to properly consider a decision of the Social Security Administration granting disability benefits to Plaintiff; (2) misapplying the Self-Reported Limitation; and (3) rejecting his claim for Disability Plus Benefits.  Id. at 17-23.  Although Plaintiff had demanded the immediate payment of benefits as relief, the Court found that such relief was unwarranted and instead remanded the matter to the Plan Administrator to re-evaluate Plaintiff's claims in light of the Court's ruling.  Id. at 23.  The Court referred Plaintiff and Unum to Magistrate Judge Ryu ("the Magistrate") for a mandatory settlement conference, and held the remand order in abeyance pending the conclusion of those proceedings.  Id. at 25-26.

After the Court issued its ruling, Plaintiff and Defendant each filed Motions for Leave to File a Motion for Reconsideration.  Dkt. 101, 109.  In his motion, Plaintiff maintained that the Court's ruling was erroneous on the ground that it should have ordered the immediate payment of benefits, as opposed to remanding the matter to the Plan Administrator for further consideration.  The Court denied both motions.  See Am. Order Denying Pl. and Defs.' Respective Mots. for Leave to File Mots. for Recons., Dkt. 122.

Thereafter, Plaintiff filed a Motion for Attorneys' Fees.  Dkt. 128.  Plaintiff filed his motion pursuant to 29 U.S.C. § 1132(g), which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  Although a prevailing party in an ERISA benefits action should ordinarily recover his attorneys' fees, the Court found that special circumstances militated in favor of denying Plaintiff's fee request.  Order Denying Pl.'s Mot. for Attorney's Fees, Dkt. 140.  In reaching its decision, the Court weighed the various discretionary factors articulated in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980).  Id. at 6-7.  Plaintiff filed a Notice of Appeal from the Court's order denying his fee motion on July 27, 2015.  Dkt. 143.  Thereafter, Plaintiff voluntarily dismissed his appeal, resulting in the Ninth Circuit's issuance of its mandate on January 4, 2016.  Dkt. 172.

The parties appeared before the Magistrate for a further settlement conference on September 11, 2015, but the case did not settle.  Dkt. 146.  On September 14, 2015, Plaintiff filed a lengthy letter stating that the parties were in disagreement with respect to various aspects of the case and requested that the Court enter a judgment that included, among other things, an award of Disability Plus benefits and interest for the twenty-four month period in which Unum initially paid benefits under its policy.  Plaintiff further requested that the Court set a further Case Management Conference, notwithstanding the fact that the Court had ruled on all of the parties' respective claims in its summary judgment ruling.  Dkt. 147.

Unum responded in a separate letter, stating that the remand process had already begun before the Plan Administrator and that no further proceedings in this Court were necessary.  Dkt. 148.  After reviewing the parties' correspondence, the Court issued an Order stating as follows:  "[T]his action is remanded forthwith to the Plan Administrator for further consideration of Plaintiff's long-term disability benefits claim in a manner consistent with this Court's ruling, as set forth in its Order on Cross-Motions for Summary Judgment.  The Clerk shall close the file and terminate any pending matters."  Order Closing File, Dkt. 150.  In conjunction with the order, the Court issued a Judgment "in

1  favor of Plaintiff in part and in favor of Defendants Aetna Life Insurance Company, Dell,

2  Inc. Comprehensive Welfare Benefits Plan, and Dell, Inc. Administration and Investment

3  Committee Dell Corporation."  Judgment, Dkt. 150.

4       On October 9, 2015, Plaintiff filed the instant motions to amend and for an award of

5  attorneys' fees.  Dkt. 153, 154.  The Court initially denied both motions based on Plaintiff's

6  failure to comply with the Court's Standing Orders, which require all parties to meet and

7  confer prior to submitting any request and to certify, in writing, that they have done so.

8  Order Denying Mot. to Am. Judgment and for Attorneys' Fees, Dkt. 155.  On October 15,

9  2015, Plaintiff refiled both motions, which are now fully briefed and analyzed below.

10 **II.    DISCUSSION**

11      **A.    MOTION TO AMEND THE JUDGMENT**

12      Federal Rule of Civil Procedure 59(e) authorizes a party to request the Court to

13 "alter or amend a judgment."  Such a request generally not will not be granted unless

14 "(1) [the court] is presented with newly discovered evidence, (2) committed clear error or

15 the initial decision was manifestly unjust, or (3) if there is an intervening change in

16 controlling law."  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

17 Relief under Rule 59 "is an extraordinary remedy which should be used sparingly."

18 McDowell v. Calderon, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).

19      Here, Plaintiff seeks to amend the judgment to specifically recite, inter alia, that:

20 (1) judgment is entered partially in his favor against Unum; (2) all relief is denied as to

21 Unum; and (3) Plaintiff is entitled to the immediate payment of twenty-four months of

22 Disability Plus benefits (in the amount of $41,600.00, plus $24,959.95 in interest), which

23 represents the time period during which Unum initially paid LTD benefits to him.  Pl.'s

24 Mot to Am. Judgment at 1-2.  In addition, Plaintiff requests that the Court incorporate into

25 the judgment numerous findings from the Court's September 30, 2014 Order.  Id. at 2-3.

26      Plaintiff's requests are misplaced.  As a threshold matter, Plaintiff did not prevail on

27 any of his claims against—let alone obtain any relief from—Unum.  The Court rejected

28 Plaintiff's claim for interest under California Insurance Code § 10111.2 and for a

1   declaration that the Self-Reported Limitation does not apply to insureds in California.  With

2   regard to the payment of disability benefits, the Court remanded the matter, including his

3   claim for Disability Plus benefits, to the Plan Administrator for further review, and

4   potentially, the determination and payment of the benefits in dispute.[2]  Because Plaintiff's

5   entitlement to such payments remains on open question, there is no final determination of

6   his claim against Unum.  See Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247,

7   1251 (9th Cir. 1998) ("In other words, we do not read the district court order to require the

8   award of benefits, . . .   Rather, as we see it, UNUM must make the necessary

9   determinations regarding disability and the amount of benefits, and must then determine

10  whether it will actually award benefits in this case.  Its determinations will then be subject

11  to further review by the district court."); Mead v. Reliastar Life Ins. Co., 768 F.3d 102, 108

12  (2d Cir. 2014) ("Taking into consideration our prior case law and the various analytical

13  approaches used by our sister circuits, we now hold that remands to ERISA plan

14  administrators generally are not 'final' because, in the ordinary case, they contemplate

15  further proceedings by the plan administrator.").

16        With regard to Plaintiff's requests to include specific findings in the judgment from

17  the Court's summary judgment order, the Court finds that such request is contrary to Rule

18  54(b), which recites that "[a] judgment shall not contain . . . the record of prior

19  proceedings."  See Fed. R. Civ .P. 54(a).  In any event, the inclusion of such directions are

20  unnecessary, given that the Court's Order Closing File instructs that "this action is

21  remanded forthwith to the Plan Administrator for further consideration of Plaintiff's long-

22

23        [2] Though acknowledging that his right to Disability Plus benefits is dependent upon
    the Plan Administrator's decision on remand regarding his claim for LTD benefits, Plaintiff
24  now contends that he is entitled to the immediate payment of Disability Plus benefits for
    the twenty-four month period during which Unum agreed to pay LTD benefits.  In neither
25  his Complaint nor motion for summary judgment did Plaintiff seek such relief.  Rather,
    Plaintiff sought the payment of Disability Plus benefits from February 6, 2009, up to and
26  including the date of the judgment.  In any event, as the Court made clear in its rulings on
    the cross-motions for summary judgment and subsequent motions for reconsideration and
27  attorneys' fees, no final determination regarding Plaintiff's entitlement, if any, to Disability
    Plus benefits has been made.  That issue is to be addressed on remand by the Plan
28  Administrator.

term disability benefits claim in a manner consistent with this Court's ruling, as set forth in its Order on Cross-Motions for Summary Judgment." Dkt. 149.  Plaintiff's motion to amend the judgment is DENIED.[3]

### B.   MOTION FOR ATTORNEYS' FEES

Plaintiff's renewed fee motion seeks the recovery of $357,547.50 in attorneys' fees plus $12,168 in paralegal fees, for a total request award of $369,715.50.  Plaintiff again seeks the payment of fees incurred in litigating this case, pursuant to § 1132(g).  He also seeks the recovery of fees resulting from his pursuit of the appeal from the Court's order denying his first fee motion.

Plaintiff's renewed fee motion is not properly before the Court.  At the time he filed the instant motion, Plaintiff's appeal of the Court's prior order denying his motion for attorney's fees remained pending.  It is a hornbook rule of law that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Nat'l Res. Def. Council v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  The "matter being appealed" is Plaintiff's claim that he is entitled to recover his attorney's fees in this action.  His current fee motion seeks essentially the same relief and is predicated on the same grounds as the prior motion from which he appealed.  Although Plaintiff has since voluntarily dismissed his appeal, the appeal remained pending at the time the motion for attorney's fees was filed.  As such, Plaintiff's fee motion is, in effect, a nullity.  Sammons v. Rino Int'l Corp., No. 2:14CV00574GMNVCF 2015 WL 6962855, at *1 (D. Nev., Nov. 10, 2015) ("because this Court was divested of jurisdiction at the time the Notice of Appeal was filed and Plaintiff's motions were filed after that time, those motions are denied.").

---

[3] Since there was no just reason for delay, judgment was entered in this action as to Dell and Aetna.  The statement that judgment was also entered "in favor of Plaintiff in part" was intended solely to effect the remand.  Since the remand was ordered in the Order Closing File, and to avoid any potential confusion, the Court revises the Judgment nunc pro tunc to state as follows:  "In accordance with the Court's Order on Cross-Motions for Summary Judgment, the Court enters judgment in favor of Defendants Aetna Life Insurance Company, Dell, Inc. Comprehensive Welfare Benefits Plan, and Dell, Inc. Administration and Investment Committee Dell Corporation."

Jurisdictional issues aside, Plaintiff's renewed fee motion is misplaced.  As noted, the Court has already weighed the considerations germane to a fee request and concluded that a fee award is not warranted under the circumstances presented.  Plaintiff's renewed fee motion merely repeats arguments that the Court has already considered and rejected. Thus, even if the motion were proper, the Court would be inclined to deny it.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) ("Treating the motion for reconsideration as one brought under Rule 59(e), the trial court did not abuse its discretion in denying the motion, because the Fullers presented no arguments which the court had not already considered and rejected.").  Plaintiff's renewed motion for attorney's fees is DENIED.

## III.   CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Amend the Judgment and Motion for Attorneys' Fees are DENIED.

IT IS SO ORDERED.

Dated:  1/21/16

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge